Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2822 | **DATE** | 10/13/2004 |
| **CASE TITLE** | Malden vs. City of Waukegan | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated in the attached memorandum opinion and order, defendants' motion to dismiss is granted in part and denied in part. Count II is dismissed. Malden's fifth and fourteen amendment claims under Counts I and III are stricken. Enter Memorandum Opinion and Order. Status hearing set for 11/17/04 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 1 4 2004 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | GMA docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 OCT 13 PM 3:39 | | |
| MF courtroom deputy's initials | | FILED | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | | |
|---|---|---|
| HOUSTON MALDEN, | ) | |
| | ) | |
| Plaintiff, | ) | **DOCKETED** |
| | ) | |
| v. | ) | OCT 1 4 2004 |
| | ) | |
| CITY OF WAUKEGAN, ILLINOIS, | ) | No. 04 C 2822 |
| a municipal corporation; | ) | |
| WILLIAM BIANG, individually and in his | ) | Judge John W. Darrah |
| official capacity as Police Chief of the | ) | |
| Waukegan Police Department; and | ) | |
| JAMES KIRBY, individually and in his | ) | |
| official capacity as a City of Waukegan | ) | |
| Police Officer, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Houston Malden ("Malden"), filed suit, alleging violations of 42 U.S.C. § 1983, against Waukegan Police Officer James Kirby ("Kirby"); Waukegan Police Chief William Biang ("Biang"); the City of Waukegan ("Waukegan") (Counts I-III, respectively), and state law claims of *respondeat superior* and indemnification against Waukegan (Counts IV and V, respectively). Presently before the Court is the Defendants' Motion to Dismiss all claims.

### BACKGROUND

On or about April 24, 2002, Malden was sleeping in a limousine located in the vicinity of 1315 S. Pleasant Hill Gate, Waukegan, Illinois. The Waukegan Police Department received a call about Malden being present in the limousine, although no report was given as to whether he was armed with a firearm, knife, or any other dangerous weapon. Kirby, an on-duty City of Waukegan Police Officer, responded to the call and arrived at the scene where Malden was present. Malden

17

then woke up and exited the limousine. After exiting, Kirby maced Malden and drew his revolver, discharging his weapon in the direction of Malden. Malden, who was unarmed and had not struck or threatened to strike Kirby, was shot by Kirby multiple times, including a wound in the left shoulder, two wounds in the upper left torso, two wounds in the left thigh, one wound to both the right and left forearm, and one wound in the right knee. Malden then took a marked City of Waukegan squad car and attempted to drive himself to Lake Forest Hospital, but he passed out and crashed the car into a tree on the way. Malden was then taken by ambulance to Lake Forest Hospital, where he underwent multiple surgeries for his gunshot wounds. These injuries required a ten-inch steel plate and fourteen screws to be permanently inserted into Malden's left forearm to rebuild his ulna.

In an attempt to cover up his unlawful actions, Kirby lied about the events that had occurred involving Malden, falsified police reports, and tampered with evidence from the crime scene and witness testimony.

At the time of the alleged incident, Biang was not the Police Chief. Rather, he is the successor of the late Miguel Juarez, who was the Police Chief during the above occurrence.

## ANALYSIS

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be

2

dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. Of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

Count I alleges a § 1983 claim for constitutional violation pursuant to Malden's Fourth, Fifth, and Fourteenth Amendment rights against Kirby. The Defendants argue that Malden has failed to state a claim for a violation of his Fourth Amendment constitutional rights. Malden argues that he has sufficiently pled a claim for violation of his Fourth Amendment right to be free from the use of excessive force. To state a claim for the use of excessive force in violation of one's Fourth Amendment right to be free from unreasonable seizures, a plaintiff must allege that the use of such force was objectively unreasonable. *Saucier*, 533 U.S. at 204-205. Malden has alleged that Kirby unjustifiably drew his weapon and shot Malden several times, despite Malden's presenting no danger of harm. Based on these allegations, Malden has successfully put Kirby and the other Defendants on notice of the grounds for his Fourth Amendment claim.

Count I also pleads two additional claims, each under a separate and distinct constitutional provision. Federal Rule of Civil Procedure 10(b) requires that separate claims be brought under separate counts. As discussed above, Plaintiff has sufficiently pled a Section 1983 cause of action under the Fourth Amendment. Accordingly, the two other claims included in Count I, based on violations of Plaintiff's Fifth and Fourteenth Amendment rights, are stricken.[1]

Count II charges Biang with violating Malden's constitutional rights for knowing and tolerating the use of excessive force by his officers. "There is no principle of superiors' liability in the law of constitutional torts." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Thus,

---

[1] Count III also includes three claims, brought under the Fourth, Fifth, and Fourteenth Amendments. Plaintiff's claims brought pursuant to the Fifth and Fourteenth Amendments in Count III are also stricken pursuant to Fed. R. Civ. P. 10(b).

3

to be liable for the conduct of their subordinates, supervisors must have been *personally* involved in that conduct. *Jones*, 856 F.2d at 992 (emphasis added). Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable because § 1983 does not make negligence culpable. *Jones*, 856 F.2d at 992. Furthermore, "[t]he supervisor must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must, in other words, act either knowingly or with deliberate, reckless indifference." *Jones*, 856 F.2d at 992-993.

The Defendants argue that Malden has failed to state a claim because Chief Biang was not personally involved in the alleged incidents since he was not Police Chief yet; and, therefore, he can not be liable to Malden. Because Biang was not the acting Police Chief at the time of the alleged constitutional violations, he had no authority over Kirby to prevent the incidents from occurring. At the time of the alleged incident, Biang had no authoritative control over Kirby nor did he have the authority to take remedial steps to address the allegedly regular use of excessive force by Waukegan Police Officers, as Malden alleges. Only the late Miguel Juarez, the acting Police Chief at the time of the incidents, had the authority to do so. Thus, Biang cannot not be liable to Malden; and Count II of Malden's Complaint is dismissed.

Count III alleges that Waukegan had a policy which allowed its police officers to go unpunished for using excessive force in conducting their police business. To state a § 1983 claim against a municipality, the plaintiff must allege that the municipality's custom or policy resulted in the deprivation of their constitutional rights. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). "[P]laintiffs must allege an 'affirmative link' between the policy and the constitutional violation such that the enforcement of the policy was the 'moving force' behind the

4

violation." *Crandall v. City of Chicago*, 2000 WL 6889948, at *2 (ND Ill., 2000). Plaintiff can do this by alleging "an express policy that causes a constitutional deprivation," "a widespread practice that . . . causes a constitutional deprivation and is so well settled as to constitute a custom or usage with the force of law," or a constitutional injury that was caused by a person with "final policymaking authority." *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994). Moreover, inadequate police training can serve as the basis for a § 1983 liability but only when the failure to train amounts to "deliberate indifference" to the rights of the people with whom the police come in contact. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

The Defendants argue that Malden has failed to state a claim because he has not alleged that a custom or policy of Waukegan is unconstitutional, a requirement to recover against a municipality. Malden argues that he has properly alleged a deprivation of his constitutional rights based on the Waukegan Police policy. The Complaint specifically alleges that Waukegan failed "to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference." This allegation alone satisfies the Seventh Circuit's requirement of notice pleading. All that Malden must do to state a claim against Waukegan is allege that a policy or custom was the "moving force" that caused his constitutional violations. Furthermore, Malden has sufficiently alleged that Waukegan's "failure to adequately train" amounted to deliberate indifference, the only requirement for pleadings of such a claim. Based on the Complaint, Waukegan has notice of what Malden is alleging against Waukegan in Count III.[2]

---

[2] In addition to this allegation, Malden has stated six (6) other allegations of unconstitutional policies of the Waukegan Police Department, including numerous abuses of deadly force and a failure to discipline those acting officers, resulting in a "code of silence" within the Waukegan Police Department regarding misconduct. Thus, Malden has satisfactorily put Waukegan on notice by the allegations of the Complaint.

5

Malden's fourth claim charges Waukegan with the state law claim for *respondeat superior* for the actions of Kirby. The principle of *respondeat superior* allows a plaintiff to recover from a municipality for any injury to person or property caused by an agent of the police department of that municipality if it is caused while the agent is acting in the scope of his or her employment. *See* 65 ILCS 5/1-4-6.

The Defendants argue that Malden has failed to state a claim for *respondeat superior* because he has not alleged any torts were committed by Kirby. Malden argues that macing and inflicting multiple gunshot wounds upon Malden constitutes tortious conduct actionable under Illinois law. The Complaint more than sufficiently alleges that Kirby committed a tort against Malden. Therefore, the Defendants' Motion to Dismiss Count IV is denied.

Count V charges Waukegan with indemnification of Kirby for his tortious conduct. The Defendants, in essence, argue that Malden does not have standing to bring an indemnification claim pursuant to 65 ILCS 5/1-4-6 and that only after judgment is entered can Malden sue Waukegan for indemnification. Malden conversely argues that he has sufficiently stated a claim for indemnification because he has alleged that "public entities are directed to pay any tort judgment for compensatory damages for which employees are liable."

65 ILCS 5/1-4-6 provides, in pertinent part, that:

> In case any injury to the person . . . is caused by a member of the police department of a municipality . . ., while the member is engaged in the performance of his duties as (sic) police officer, and without the contributory negligence of the injured person . . . , the municipality . . . shall indemnify the police officer for any judgment recovered against him as the result of such injury, except where the injury results

6

> from the willful misconduct of the police officer... The municipality
> which is or may be liable to indemnify the police officer shall have the
> right to intervene in the suit against the police officer, and shall be
> permitted to appear and defend.

"Until a judgment is obtained against the officer, no action, other than a possible third-party action by the police officer against the municipality, will lie..." *Glover v. City of Chicago*, 106 Ill. App.3d 1066, 1073 (Ill. App. 1st Dist. 1982) (citing *Arnolt v. City of Highland Park*, 52 Ill.2d (1972)).

In addition to 65 ILCS 5/1-4-6, 745 ILCS 10/9-102 also provides an avenue for a plaintiff to seek indemnification of a police officer by the municipality. 745 ILCS 10/9-102 provides that "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages . . . for which it or an employee while acting within the scope of his employment is liable . . . ." A municipality cannot be made to pay a judgment without first determining the liability of its employee. *Wilson v. City of Chicago*, 120 F.3d 681, 684 (7th Cir. 1997). However, a plaintiff is entitled to bring an indemnification claim against the municipality before a judgment is final against its employee, *see Wilson*, 120 F.3d at 685; *see also Buttron v. Sheahan*, 2001 WL 111028, at *3 (N.D. Ill.), so long as it arises from the same case or controversy as the original jurisdiction claim(s). *See* 28 U.S.C. § 1367; *see also Ellis v. Bankhead*, 828 F.Supp. 45, 47 (N.D. Ill. 1993).

Malden has sufficiently pled an indemnification claim under § 9-102. Malden alleges that Kirby is or was an employee of the Waukegan Police Department who was acting within the scope of his employment in committing the tortious conduct described in the Complaint and has properly stated a claim for indemnification. Accordingly, the Defendants' Motion to Dismiss Count V is denied.

7

## CONCLUSION

For the reasons stated above, the Defendants' Motion to Dismiss is granted in part and denied in part. Count II is dismissed. Malden's Fifth and Fourteenth Amendment claims under Counts I and III are stricken.

Dated: October 13, 2004

JOHN W. DARRAH
United States District Judge