# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| HOUSTON MALDEN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| CITY OF WAUKEGAN, ILLINOIS, a municipal corporation; WILLIAM BIANG, individually and in his official capacity as Police Chief of the Waukegan Police Department; and JAMES KIRBY, individually and in his official capacity as a City of Waukegan Police Officer, | ) ) ) ) ) ) ) ) ) ) | No. 04 C 2822  Judge John W. Darrah |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is the Defendants' Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff's, Houston Malden's ("Malden"), Amended Complaint alleges violations of 42 U.S.C. § 1983, against Waukegan Police Officer James Kirby ("Kirby") (Counts I and II) and the City of Waukegan ("Waukegan") (Counts III and IV) and state law claims of *respondeat superior* and indemnification against Waukegan (Counts V and VI, respectively).

### BACKGROUND

The facts of this case have been fully set forth in the Court's previous order issued on October 13, 2004, which struck certain counts of Plaintiff's original Complaint and, thus, need not be repeated here.

## ANALYSIS

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

Count I alleges a §1983 claim against Kirby for an alleged violation of Malden's Fourth Amendment rights. Defendants argue that Malden has failed to state a claim upon which relief could be granted because Kirby is entitled to the qualified immunity defense for the alleged use of force.

To state a claim for the use of excessive force in violation of one's Fourth Amendment right to be free from unreasonable seizures, a plaintiff must allege that the use of such force was objectively unreasonable. *Saucier v. Katz*, 533 U.S. 194, 204-205 (2001). When confronted with a claim of qualified immunity, a court must ask first the following question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Brosseau v. Haugen*, 125 S. Ct. 596, 598 (2004) (*Brosseau*). Specifically, with regard to deadly force, it is unreasonable for an officer to seize an unarmed, nondangerous suspect by shooting him dead; but where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force. *Brosseau*, 125 S. Ct. at 598. Qualified immunity is "almost always a bad ground for dismissal" in a motion to dismiss. *Deloughery v. City*

2

*of Chicago,* 2002 WL 31654942 (N.D. Ill. 2002). A qualified immunity defense could be used, however, in instances where the grounds for dismissal do not depend on the facts and are purely legal. *Jacobs v. City of Chicago,* 215 F.3d 758, 765 (7th Cir. 2000). The question presented in this case, however, is not purely legal. Defendant Kirby is only entitled to qualified immunity if the Plaintiff was armed, dangerous, and posed a threat of serious harm. This depends on the facts in this case, and qualified immunity is not a basis for dismissal. Plaintiff has sufficiently pled a Fourth Amendment violation.

Count II alleges Kirby violated Plaintiff's Fourteenth Amendment right to be free from the deprivation of life, liberty, or property pursuant to 42 U.S.C. § 1983. Defendants argue that Count II fails to state a claim upon which relief could be granted because claims of excessive force can only be brought under the Fourth Amendment and that, again, Kirby was entitled to qualified immunity for the alleged use of force. Certain wrongs affect more than a single right and, accordingly, can implicate more than one of the Constitution's commands. *Soldal v. Cook County, Ill.,* 506 U.S. 56, 70 (1992). However, *all* claims that law enforcement officers have used excessive force – deadly or not – in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonable" standard, rather than under a "substantive due process" approach [when used to target the same underlying governmental conduct]. *Graham v. Connor,* 490 U.S. 386, 395 (1989) *(Graham).* Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment's, not the [Fourteenth Amendment's] more generalized notion of "substantive due process," must be the guide of analyzing these claims. *Graham,* 490 U.S. at 395. In the present case, both the Fourth and Fourteenth Amendments are

being used to target the same sort of governmental conduct, namely the alleged excessive force used during the arrest of the Plaintiff. Because the conduct is the same, the Fourth Amendment's "reasonable" standard is preferable in adjudicating Plaintiff's claims as opposed to a Fourteenth Amendment due process analysis. *Graham* "preserve[s] fourteenth amendment substantive due process [analyses] for those instances in which a free citizen is denied his or her constitutional right to life through means other than a law enforcement official's arrest, investigatory stop or other seizure." *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). Thus, Plaintiff's second count for the violation of his Fourteenth Amendment rights is dismissed.

Count III alleges that Waukegan violated Plaintiff's Fourth Amendment rights under § 1983. Defendants again raise the argument that this count should be dismissed because Kirby was entitled to qualified immunity for the alleged use of force. For the same reasons outlined in the ruling on Count I, Count III is found to sufficiently plead a cause of action.

Count IV alleges that Waukegan violated Plaintiff's Fourteenth Amendment rights pursuant to § 1983. Defendants argue that Count IV should be dismissed because Kirby is entitled to qualified immunity for the alleged use of force and claims of excessive force can only be brought under the Fourth Amendment. For the same reason set out above for Count II, Plaintiff's Fourteenth Amendment claim in Count IV is dismissed.

Count V of Plaintiff's Amended Complaint alleges a state law claim of *respondeat superior* against Waukegan. The principle of *respondeat superior* allows a plaintiff to recover from a municipality for any injury to person or property caused by an agent of the police department of that municipality if it is caused while the agent is acting in the scope of his or her employment. *See* 65

ILCS 5/1-4-6. The Defendants argue that Malden has failed to state a claim for *respondeat superior* because that claim is barred by the Illinois Statute of Limitations pursuant to 745 ILCS 10/8-101.

Personal injury actions in Illinois are subject to a two-year statute of limitations pursuant to 735 Ill. Comp. Stat. 5/13-202; and, thus, § 1983 claims in Illinois are also governed by a two-year limitations period. *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir.2004). Illinois local governmental entities and their employees, however, are protected by a one-year statute of limitations for civil actions filed against them. *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (*Williams*). While the two-year period applies to § 1983 claims, the one-year period applies to state law claims that are joined with a § 1983 claim. *Williams*, 399 F.3d at 870. In the present case, Plaintiff filed his original Complaint within two years of the date of injury. The §1983 claims were timely filed. However, Plaintiff's state law claim is subject to a one-year statute of limitations and cannot survive dismissal regardless of whether or not they are joined with the §1983 claims. The claim set forth in Count V for *respondeat superior* is based on Illinois state law, and the statute of limitations has expired. Count V is, therefore, dismissed.

Plaintiff claims that Defendants waived this affirmative defense because Defendants did not raise it in the motion to dismiss the original Complaint. However, failure to plead an affirmative defense to an original complaint does not amount to waiver where the defense is raised in response to an amended complaint. *Williams*, 399 F.3d at 870; *see also Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Accordingly, Count V is not timely.

Count VI charges Waukegan with indemnification of Kirby for his alleged tortious conduct. The Defendants argue that the claim is barred by the one-year statute of limitations. However, the

statute of limitations for Plaintiff's indemnification claim is two years. *See* 745 ILCS 5/13-204. Accordingly, the claim is timely; and Defendants' Motion to Dismiss is denied as to Count VI.

## CONCLUSION

For the reasons stated above, the Defendants' Motion to Dismiss is granted in part and denied in part. Counts II, IV, and V are dismissed.

Dated: May 11, 2005

JOHN W. DARRAH
United States District Judge